**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

JUN 06 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JEREZHINO LAMONT, | No. 10-73439 |
| Petitioner, | Agency No. A098-921-026 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 13, 2012
San Francisco, California

Before: WALLACE, D.W. NELSON, and BEA, Circuit Judges.

Lamont petitions for review from a decision of the Board of Immigration

Appeals (Board) affirming the immigration judge's denial of Lamont's application

for asylum, withholding of removal, and Convention Against Torture (CAT)

protection. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition

for review.

---

     *    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

For Lamont to be eligible for asylum, he was required to establish that he is "a refugee," meaning that he "is unable or unwilling to return to, and is unable or unwilling to avail himself . . . of the protection of, [Jamaica] because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. §§ 1158(b)(1)(B)(i), 1101(a)(42).

The Board found that Lamont could safely relocate within Jamaica given the fact that his mother had relocated to the countryside, and Lamont cites no evidence in the record compelling a contrary result. *Parussimova v. Mukasey*, 555 F.3d 734, 738 (9th Cir. 2009) (Board's factual findings may be reversed "only if the evidence in the record compels a contrary result"); Fed. R. App. P. 28(a)(9)(A) (appellant's brief must contain citations to the parts of the record on which the appellant relies). This is fatal to Lamont's application for asylum. 8 C.F.R. § 1208.13(b)(1)(i)(B), (b)(2)(ii).

Furthermore, Lamont did not submit evidence that his assailants threatened him to cease his low-level political activities with the People's National Party (PNP) or sought to influence his participation in the electoral process. In light of the evidence that politics and gangs are intertwined in Jamaica, that the police believed Lamont to be a PNP gang member with information regarding the

2

location of guns, and that Lamont's letters of support described him as a victim of "gang violence" or a "gang war," the Board was not compelled to find that Lamont's political opinion, as opposed to imputed PNP gang activities, was "at least one central reason" for any persecution. 8 U.S.C. § 1158(b)(1)(B)(i).

Lamont also failed to establish persecution or a reasonable fear of persecution on account of his membership in a particular social group. The social group in which Lamont now claims membership—"politically active residents of garrison communities in Jamaica, or politically active families in the garrison communities in Jamaica"—is too broadly defined to qualify as a social group because its parameters include individuals with inherently diverse lifestyles, interests, cultures, and political leanings. *See Ochoa v. Gonzales*, 406 F.3d 1166, 1171 (9th Cir. 2005). Additionally, any persecution on account of Lamont's imputed gang membership cannot qualify him for asylum. *See Arteaga v. Mukasey*, 511 F.3d 940, 946 (9th Cir. 2007) (gangs are not social groups).

Because Lamont failed to show that he is eligible for asylum, his application for withholding of removal also fails. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Lamont's application for CAT protection fails because he did not submit evidence compelling the Board to conclude that he is more likely than not to suffer

intentionally-inflicted cruel and inhuman treatment that either is not lawfully sanctioned by Jamaica or is lawfully sanctioned but defeats the object and purpose of CAT. *Nuru v. Gonzales*, 404 F.3d 1207, 1221 (9th Cir. 2005). The Board's finding that Lamont could safely relocate undercuts his claim that he is more likely than not to be tortured, and the trial and conviction of Lamont's brother's assailant undercuts Lamont's claim that he will be subject to lawfully sanctioned torture. *See* 8 C.F.R. § 1208.16(c)(3).

**PETITION FOR REVIEW DENIED.**

NELSON, Circuit Judge, dissenting:

I respectfully dissent. Substantial evidence does not support the BIA's denial of asylum, withholding of removal, and protection pursuant to the Convention Against Torture (CAT). *Perez-Ramirez v. Holder*, 648 F.3d 953, 956 (9th Cir. 2011). I would grant the petition for review.

In applying for relief, Lamont offered credible evidence that: (1) members of the Jamaica Labour Party (JLP)—the rival, governing political party—accused him of being a People's National Party (PNP) member, attacked him with machetes, shot 100 rounds of ammunition into his house, and vowed to pursue him until his death; and (2) the police refused to investigate these assaults, instead detaining and beating him until he falsely confessed to PNP gang membership. Due to the family's support of the PNP, JLP-members also shot Lamont's younger brother, and murdered his sleeping nephew.

Based on this evidence, a reasonable factfinder would be compelled to conclude that Lamont suffered past persecution, *Cordon-Garcia v. INS*, 204 F.3d 985, 991 (9th Cir. 2000), and that his support of the PNP was a central reason for the violence to which he was subjected. *Parussimova v. Mukasey*, 555 F.3d 734, 740–41 (9th Cir. 2009) (amended). His persecutors' explicit anti-PNP statements

and actions show that they imputed a political opinion to Lamont and attacked him on that basis. *See Cordon-Garcia*, 204 F.3d at 991–92; *Kebede v. Ashcroft*, 366 F.3d 808, 812 (9th Cir. 2004). While there may be a connection between politics and gangs in Jamaica, this does not negate the fact that, but for Lamont's involvement with the PNP, he would not have been pursued by JLP members or detained and assaulted by the police. *See Parussimova*, 555 F.3d at 740–41 (holding that "persecution may be caused by more than one central reason, and an asylum applicant need not prove which reason was dominant," so long as the applicant can prove that the motive was a "but for" cause of the persecution). Therefore, substantial evidence does not support the BIA's conclusion that the attacks against Lamont were based exclusively on gang activity. A reasonable fact finder would be compelled to conclude that Lamont's political opinion was a central reason for the for the violence to which he was subjected.

Lamont's past persecution entitles him to a presumption of a well-founded fear of future persecution and eligibility for withholding of removal. 8 C.F.R. §§ 1208.13(b)(1), 1208.16(b)(1). In this case, the government has failed to show by a preponderance of the evidence that there has been a fundamental change in circumstances, that Lamont can relocate to another part of Jamaica safely, and that it would be reasonable to expect him to do so. *See* 8 C.F.R. §§ 1208.13(b)(1),

2

1208.16(b)(1); *Melkonian v. Ashcroft*, 320 F.3d 1061, 1069 (9th Cir. 2003). Thus, substantial evidence does not support the BIA's denial of asylum and withholding of removal.

Finally, the IJ and BIA assessed Lamont's eligibility for relief pursuant to CAT incorrectly. Specifically, the IJ and BIA failed to consider Lamont's experiences of past torture in determining future torture. *Contra* 8 C.F.R. § 1208.16(c)(3); *see also Nuru v. Gonzales*, 404 F.3d 1207, 1218 (9th Cir. 2005) ("[P]ast torture is ordinarily the principal factor on which we rely when an applicant who has previously been tortured seeks relief under [CAT]"). Further, the evidence does not support the BIA's assumption that Lamont could relocate safely within Jamaica. *Id*. at 1219 ("[I]t will rarely be safe to remove a potential torture victim on the assumption that torture will be averted simply by relocating him to another part of the country."). Based on the attempted and actual assassinations targeted at Lamont and his family members, and the willful blindness evidenced by government officials, *see Zheng v. Ashcroft*, 332 F.3d 1186, 1194-95 (9th Cir. 2003), the record compels the conclusion that Lamont will more likely than not be tortured or killed if forced to return to Jamaica.

I would therefore grant the petition for review.

3